{¶ 12} I respectfully dissent. Although I agree with the majority that the transcript may indicate problems with the state's case, including the credibility of the state's witness, I would reverse the lower court's decision because the trial court failed to give its reasons, or even one reason, for declaring a mistrial with prejudice.
 {¶ 13} The U.S. Supreme Court stated in Oregon v. Kennedy (1982),456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416, "a standard that examines the intent of the prosecutor, though certainly not entirely free from practical difficulties, is *Page 9 
a manageable standard to apply. It merely calls for the court to make a finding of fact. Inferring the existence or nonexistence of intent from objective facts and circumstances is a familiar process in our criminal justice system."
 {¶ 14} In this case, the trial court concluded that the state's case was "going south" and granted the defense's motion for a mistrial. Although the idiom "going south" is commonly understood by the general public, it has no place in a judicial ruling. By using this informal expression as the basis for declaring a mistrial, the judge merely stated a vague conclusion devoid of any articulated factual basis.
 {¶ 15} The record reflects only that the trial court seems to have concluded that the prosecutor asked the leading question "for no reason but to secure a mistrial." The trial court did not make the required findings to support a determination that the prosecutor's conduct was overreaching, thereby warranting a jury mistrial with prejudice.
 {¶ 16} I am not persuaded by the trial court's determination that the prosecutor created the problem in order to secure a mistrial. As an appellate court, we give great deference to the trial judge in determining what situations warrant a mistrial. In this case, however, I would find that the court abused its discretion in declaring a mistrial with prejudice and reverse for a new trial. *Page 1